THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GIL-
BERTO RIVERA GONZALEZ, *alias* GARATA, and JOSÉ SERPA
ÁLVAREZ, Defendants and Appellants.

No. 15642.   Argued February 1, 1955.—Decided March 7, 1957.

*Santos P. Amadeo* and *Rafael V. Pérez Marchand* for appellants.
*José Trías Monge, Attorney General,* and *Rafael L. Ydrach
Yordán, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

It is alleged in this case that the lower court committed
four errors: (1) in separating the defendants from their
attorneys during the hearing of the case, preventing counsel
from conducting his defense; (2) in instructing the jury
that it had power to determine whether or not the witness
Guillermo Hernández Vega was an accomplice of the defend-
ants-appellants; (3) in failing to instruct the jury what
constitutes an accomplice for the purpose of determining
whether the testimony of the latter needed corroboration;
and (4) in dismissing two motions for mistrial on the ground
that the prosecuting attorneys interviewed the witnesses for
the prosecution after they had submitted to the jurisdiction
of the court.

Although the first error raises a fundamental and serious
question—compare, for example, *People* v. *Zammora,* 152 P.
2d 180, 214, 215 (White) (1944), with *Commonwealth* v.
*Boyd,* 92 Atl. 705, 706 (Stewart) (1914)—which affects no
less than defendant's constitutional right to be duly assisted

by counsel, the error committed in instructing the jury that it had power to determine whether or not Guillermo Hernández Vega was an accomplice, and the error committed in failing to instruct the jury what is an accomplice, are sufficient to reverse the judgment and order a new trial. *People* v. *Flecha*, 70 P.R.R. 651, 655 (De Jesús) (1949). It clearly appears from the evidence that Guillermo Hernández Vega was an accomplice. There was no conflict as to his condition as such. In this case it was incumbent on the judge to decide that the testimony was given by an accomplice which needed corroboration, and instruct the jury to this respect, and not leave it to the jury to determine whether or not the testimony was that of an accomplice and whether or not it needed corroboration. It would have sufficed to describe the witness as a codefendant in the common design of all the defendants charged with an attack against the Arecibo Police Headquarters. *People* v. *Díaz*, 67 P.R.R. 736, 738 (De Jesús) (1947); *People* v. *Villanueva*, 71 P.R.R. 858, 861 (Marrero) (1950); *People* v. *Morales, ante,* p. 569 (Belaval) (1956).

The judgment of the lower court will be reversed and a new trial ordered.